Joshua C. Snable, Esq.
**Snable Law, LLC**
The Historic Enslen House
2737 Highland Avenue South
Birmingham, AL 35205
P:205-939-0780
jsnable@snablelaw.com
*Attorney for Plaintiff,*
*Danielle Savoye*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| DANIELLE SAVOYE, <br><br> Plaintiff, <br><br> v. <br><br> USAA FEDERAL SAVINGS BANK, <br><br> Defendant. | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

## COMPLAINT FOR DAMAGES

Plaintiff, Danielle Savoye ("Plaintiff"), through her attorneys, alleges the following against USAA Federal Savings Bank, ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Diversity jurisdiction is proper under 28 U.S.C. 1332.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transact business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in the County of Madison, State of Alabama.

8. Defendant is a creditor engaged in the business of loan servicing with its principal place of business located at 10750 McDermott Freeway, San Antonio, TX 78288-9876.

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendants are attempting to collect a debt from Plaintiff.

11. In or around July 2018, Defendant began placing calls to Plaintiff on her cellular phone number ending in 0682, in an attempt to collect an alleged debt.

12. The calls placed by Defendant mainly originated from phone numbers: (800) 531-0378, (800) 531-8722, and (800) 531-7013.

13. On or about July 2, 2018, at 10:04 a.m., Plaintiff answered a collection call from Defendant from telephone number (800) 531-0378; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system;

14. Defendant informed Plaintiff that it was attempting to collect a debt relating to her USAA account.

15. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

16. On or about July 13, 2018, at 7:23 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system;

17. Defendant informed Plaintiff that it was attempting to collect a debt relating to her USAA account.

18. Plaintiff unequivocally revoked consent to be called any further for a second time. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

19. Between July 10, 2018 and October 20, 2018, Defendant called Plaintiff no less than one-hundred and ninety-three (193) times after Plaintiff revoked consent to be contacted on two separate occasions.

20. On or about October 22, 2018, at 12:19 p.m., Plaintiff answered another collection call from Defendant from telephone number (800) 531-0378; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system;

21. Defendant informed Plaintiff that it was attempting to collect a debt relating to her USAA account.

22. Plaintiff unequivocally revoked consent to be called any further and requested to only be contacted in writing. Despite Plaintiff's request, Defendant continued to call Plaintiff.

23. On or about November 30, 2018, at 1:35 a.m., Plaintiff answered a collection call from Defendant from telephone number (800) 531-0378; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system;

24. Defendant informed Plaintiff that it was attempting to collect a debt relating to her USAA account.

25. Plaintiff unequivocally revoked consent to be called any further for a fourth time and requested for a second time to be contacted only in writing. Despite Plaintiff's repeated requests not to be contacted, Defendant continued to call Plaintiff.

26. Between July 2, 2018 and November 30, 2018, Defendant called Plaintiff no less than two-hundred and seventy-two (272) times despite Plaintiffs requests not to be contacted.

27. Defendant consistently called Plaintiff around the same time every day, indicating the use of a predictive dialer.

28. For example, Defendant called Plaintiff at 10:04 a.m. (July 2, 2018), 10:12 a.m. (July 11, 2018), 10:03 a.m. (July 11, 2018), 10:07 a.m. (July 13, 2018), and 10:05 a.m. (July 16, 2018).

29. Plaintiff and her husband are both Army veterans. Plaintiff receives medical retirement and disability from the military as both Plaintiff and her husband were injured in Afghanistan.

30. Plaintiff has a standing pain reliever prescription through the Veterans Affairs and has taken an increased amount due to stress and anxiety of the excessive calls from Defendant.

31. Plaintiff's daily life was also affected, disrupting quality time with her children as well as interruption of their bedtime routine.

32. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
**Defendant's Violations of the TCPA, 47 U.S.C. § 227**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    (a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii)

which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

35. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy

### (Intrusion upon Seclusion)

36. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

37. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    (a) Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    (b) Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

    (c) Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Danielle Savoye, respectfully requests judgment be entered against Defendant, USAA Federal Savings Bank, for the following:

A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B), 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Date: March 8, 2019

By: */s/Joshua S. Snable*
Joshua C. Snable, Esq.
**Snable Law**
The Historic Enslen House
2737 Highland Avenue South
Birmingham, AL 35205
P:205-939-0780
jsnable@snablelaw.com
*Attorney for Plaintiff,*
*Danielle Savoye*